**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **In re:** | § | |
| **JONATHAN DAVID GASPARD &** | § | |
| **LAURA OGLESBY GASPARD** | § | |
| | § | **CHAPTER 7** |
| | § | |
| **SUNEEL MENON** | § | **CASE NO.  25-44602** |
| *Plaintiff,* | § | |
| | § | **ADV. PRO. NO.** _____ |
| **vs.** | § | |
| **JONATHAN DAVID GASPARD** | § | **JUDGE MARK X. MULLIN** |
| | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

---

**COMPLAINT UNDER SECTIONS 523(a)(2)(A) and 523(a)(6)**

---

Plaintiff Menon ("Plaintiff") files this Complaint against Defendant Jonathan Gaspard ("Defendant") and states:

I. JURISDICTION AND VENUE

1.  This adversary proceeding arises under 11 U.S.C. § 523(a)(4) and § 523(a)(6).

2.  The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157.

3.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5.  Plaintiff timely files this Complaint pursuant to Fed. R. Bankr. P. 4007(c).

II. PARTIES

6.  Plaintiff is an individual and creditor of Defendant.

7.  Defendant is the debtor in the above-captioned Chapter 7 case.

## III. FACTUAL BACKGROUND

### A. Ownership and Management Structure

8. Plaintiff and Defendant were co-managing members of Gaspard & Menon Construction, L.L.C. (the "Company"), a Texas limited liability company.

9. Pursuant to the Company Agreement, all material management decisions required unanimous consent of the members.

10. The Company Agreement granted each member contractual rights to access books, records, bank accounts, and financial information.

11. Effective June 24, 2024, the members amended the Company Agreement to grant Plaintiff authority and oversight over the Company's accounting and financial functions, including authority over borrowing, repayment, disbursement of funds, and interaction with financial institutions.

12. Defendant agreed to and executed that amendment.

### B. Plaintiff's Financial Contributions

13. Plaintiff contributed $500,000 in capital to the Company.

14. Plaintiff thereafter loaned approximately $1,700,000 to the Company in multiple loan transactions.

15. Defendant was fully aware of these advances and the Company's obligations to Plaintiff.

16. The loans remain unpaid.

### C. Defendant's Unauthorized Seizure and Control

17. Beginning in or about October 2024, Defendant engaged in a deliberate and unauthorized seizure of control over the Company.

18. Defendant secretly relocated Company property, records, equipment, and operations without Plaintiff's consent.

19. Defendant entered into lease obligations and incurred financial obligations without the required unanimous consent.

20. Defendant blocked Plaintiff's access to Company bank accounts.

21. Defendant failed and refused to add Plaintiff as a signatory on Company bank accounts despite contractual obligation to do so.

22. Defendant cut off Plaintiff's access to the Company's books and financial records.

D. Misappropriation and Diversion of Funds

23. Defendant caused Company funds to be used for purposes unrelated to legitimate Company operations.

24. Defendant used Company funds to acquire and operate residential rental properties held in Defendant's name or affiliated entities.

25. Defendant made unauthorized credit card transactions totaling approximately $37,064.50 on Plaintiff's personal Apple credit card for Company obligations.

26. Defendant engaged in additional unauthorized charges and disbursements without consent.

27. Defendant hired individuals and incurred professional expenses without authorization.

28. Defendant concealed these actions from Plaintiff.

E. Resulting Debt

29. As a direct result of Defendant's conduct, Plaintiff is owed.

      A.  $1,700,000 in unpaid loan principal.

      B.  $37,064.50 is unauthorized credit card charges.

      C.  Additional misappropriated funds to be proven at trial.

      D.  Accrued contractual or statutory interest.

      E.  Attorneys' fees recoverable under applicable agreements and law.

## IV. COUNT I

## FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY

## 11 U.S.C. § 523(a)(4)

30. Plaintiff incorporates the preceding paragraphs.

31. At all relevant times, Defendant was a managing member of the Company and owed fiduciary duties to Plaintiff arising from:

a. The Company Agreement;
b. The contractual unanimous-consent structure;
c. The June 24, 2024 financial control amendment; and
d. Texas law governing managing members of limited liability companies.

32. Defendant occupied a position of trust and confidence with respect to Company funds and financial management.

33. Defendant had control over identifiable Company funds and assets.

34. Defendant knowingly violated his fiduciary duties by:

a. Seizing control of Company finances;
b. Blocking access to accounts;
c. Incurring unauthorized obligations;
d. Diverting Company funds;
e. Using Company funds for personal benefit;
f. Concealing financial transactions.

35. Defendant's conduct constituted at minimum a conscious disregard of his fiduciary obligations.

36. Defendant's actions meet the standard for defalcation under Bullock v. BankChampaign, N.A., 569 U.S. 267 (2013), as they involved knowing misconduct or reckless disregard of fiduciary duties.

37. The resulting debt owed to Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

## V. COUNT II

**EMBEZZLEMENT**
**11 U.S.C. § 523(a)(4)**

38. Plaintiff incorporates the preceding paragraphs.

39. Defendant lawfully possessed Company funds and assets by virtue of his managerial position.

40. Defendant fraudulently appropriated such funds for purposes other than those for which they were entrusted.

41. Defendant's unauthorized use of Company funds for personal real estate acquisitions and unauthorized credit card charges constitutes embezzlement.

42. Defendant acted with fraudulent intent.

43. The resulting debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

## VI. COUNT III

**WILLFUL AND MALICIOUS INJURY**
**11 U.S.C. § 523(a)(6)**

44. Plaintiff incorporates the preceding paragraphs.

45. Defendant intentionally seized and excluded Plaintiff from Company operations and finances.

46. Defendant intentionally diverted funds and concealed financial information.

47. Defendant knew with substantial certainty that his actions would cause financial harm to Plaintiff.

48. Defendant's conduct was willful and malicious within the meaning of 11 U.S.C. § 523(a)(6).

49. The debt arising from such conduct is nondischargeable.

## VII. DAMAGES

50. The debt owed includes, but is not limited to:

a. Unpaid loan principal;
b. Interest;
c. Unauthorized charges;
d. Misappropriated funds;
e. Attorneys' fees where recoverable;
f. Costs of court.

## VIII. PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Determine that Defendant's debt to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(4) and § 523(a)(6);

2. Enter judgment against Defendant in favor of Plaintiff in an amount including:

a. $1,700,000 in unpaid loan principal;
b. $37,064.50 in unauthorized charges;
c. Additional misappropriated funds proven at trial;
d. Pre-judgment and post-judgment interest;
e. Attorneys' fees and costs where recoverable;

3. Grant such other relief as is just and proper.

Respectfully submitted,

By: /s/ Alvin Q. Malone
Alvin Q. Malone
SBOT # 24085446
Law Offices of Al Malone
3100 W. Southlake Blvd., Ste 110
Southlake, TX 76244

T:  817-953-3112
E-Mail: al@maloneattorney.com

Attorney for Plaintiff