**Filed by:**

**James Ewing**
**DRY LAW, PLLC**
909 18th Street
Plano, TX 75074
(972) 797-9510 Telephone
(972) 797-9510 Facsimile
jewing@drylaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| | ) | |
| IN RE: | ) | BANKRUPTCY CASE |
| JONATHAN DAVID GASPARD AND | ) | 25-44602-MXM7 |
| LAURA OGLESBY GASPARD | ) | |
| DEBTOR(S) | ) | |
| | ) | |
| | ) | CHAPTER 7 |

**HARCO NATIONAL INSURANCE COMPANY'S UNOPPOSED MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED AGAINST NON-DEBTORS**

> **PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**
>
> **ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 WEST TENTH STREET, FORT WORTH, TEXAS, 76102- 3643, BEFORE CLOSE OF BUSINESS ON APRIL 3, 2026, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

**TO THE HONORABLE JUDGE OF THIS COURT.**

Harco National Insurance Company (the "Surety"), by and through its undersigned counsel,

files this Unopposed Motion for Relief from the Automatic Stay to Proceed Against Non-Debtors

---

pursuant to 11 U.S.C. § 362(d)(1) and § 362(d)(2) (the "Motion"), seeking an order permitting the Surety to permit the Surety to proceed to final judgment and enforcement as against all Defendants who have not filed for bankruptcy protection (the "Non-Debtor Defendants"), and in support thereof states as follows:

## I.        JURISDICTION AND VENUE

1.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b) and § 1334. As a case arising under the Bankruptcy Code, Section 1334 grants district courts original and exclusive jurisdiction over all cases under title 11. Further, § 157 permits district courts to refer bankruptcy cases and related proceedings to bankruptcy courts.

2.        This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G). The Surety consents to the entry of a final order by this Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. The statutory predicates for the relief requested herein are sections 105(a) and 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 4001 and 9014  of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rules 4001, 9013, and 9014 of the Local Rules of the United States Bankruptcy Court of the Northern District of Texas (the "Local Rules").

3.        Venue is proper in this Court under 28 U.S.C. § 1409, which establishes that proceedings related to a Debtor's bankruptcy case should be filed in the district where the bankruptcy case is pending.

## II.        SUMMARY OF THE RELIEF REQUESTED

4.        The Surety seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause, to permit it to proceed against the non-debtor defendants (the "Non-Debtor Defendants") in the civil action styled *Harco National Insurance Company v. Gaspard & Menon Construction, LLC, et*

*al.*, Civil Action No. 4:24-CV-01134-O, pending in the United States District Court for the Northern District of Texas, Fort Worth Division (the "District Court Action"). Those defendants are: Gaspard & Menon Construction, LLC; Gaspard and Morgan Construction, LLC dba Restoration Roofing; Gaspard Properties, LLC; Gaspard Roofing, LLC; and Sedmore Properties, LLC.

5.      As explained herein, the automatic stay under 11 U.S.C. § 362(a) does not, as a matter of law, extend to non-debtor parties. To the extent the stay of proceedings entered by the District Court has been interpreted to encompass the Non-Debtor Defendants as a matter of judicial administration, cause exists for this Court to enter an order clarifying or lifting the automatic stay to permit the District Court Action to proceed as to those parties only, without any effect on the Debtor or the Debtor's estate.

### III.      FACTUAL BACKGROUND

**A.  The District Court Action and Summary Judgment**

6.      Prior to the Debtor's bankruptcy filing, the Surety commenced the District Court Action asserting claims for breach of the Agreement of Indemnity (the "Indemnity Agreement"), specific performance of the Collateral Security Provision contained therein, and related relief against the Debtors, Jonathan David Gaspard and Laura Oglesby Gaspard, and the Non-Debtor Defendants.

7.      The District Court Action arose from the Surety's issuance of payment and performance bonds on behalf of Gaspard & Morgan Construction, LLC dba Restoration Roofing, as principal, in connection with multiple federal construction projects.

8.      On October 27, 2025, the Court entered an Order granting the Surety's Motion for Summary Judgment in its entirety (the "Summary Judgment Order"). A true and correct copy of the Summary Judgment Order is attached hereto as **Exhibit A**.

9.      Specifically, the Summary Judgment Order: (a) awarded the Surety indemnity damages of $3,143,596.04 for losses and expenses incurred in connection with the bonded projects;

and (b) ordered specific performance of the Collateral Security Provision, compelling all Defendants, jointly and severally, to post additional collateral in the amount of $9,360,680.94.

10.   The Summary Judgment Order further directed the Surety to file supplemental briefing segregating the total requested attorneys' fees from the total requested damages, consistent with the Johnson factors. *See Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

**B.  The Bankruptcy Filing and Stay of District Court Proceedings**

11.   On November 25, 2025, the Debtor filed his Chapter 7 bankruptcy petition in this Court, thereby triggering the automatic stay under 11 U.S.C. § 362(a).

12.   Following notice of the Debtor's bankruptcy filing, the District Court entered an order staying proceedings in the District Court Action. The stay of those proceedings has prevented the Surety from: (a) filing the supplemental attorneys' fees briefing directed by the Summary Judgment Order; (b) obtaining entry of a final, enforceable judgment; and (c) commencing any enforcement or collection efforts against the Non-Debtor Defendants.

13.   The Non-Debtor Defendants are jointly and severally liable with the Debtor under the Indemnity Agreement and the Summary Judgment Order. Each Non-Debtor Defendant executed the Indemnity Agreement independently and bears direct, primary contractual obligations to the Surety.

## IV.   ARGUMENT AND AUTHORITIES

**A.  The Automatic Stay Does Not Extend to Non-Debtor Defendants as a Matter of Law.**

14.   Section 362(a) of the Bankruptcy Code stays "any act" to collect a debt "against the debtor." The statute's protections run to the debtor and the debtor's estate, not to co-defendants or third parties who have not themselves sought the protection of the Bankruptcy Code.

15.   The Fifth Circuit has consistently recognized this foundational principle. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983).

16.   The narrow exception to this rule, applicable only where a judgment against a non-

debtor co-defendant would be functionally equivalent to a judgment against the debtor, is not present here. Each Non-Debtor Defendant signed the Indemnity Agreement in their own individual or entity capacity, bearing direct and independent contractual obligations to the Surety. A judgment against any Non-Debtor Defendant will not, as a matter of law or contract, constitute or compel a corresponding judgment against the Debtor or his estate. The Non-Debtor Defendants stand on their own, separate liability.

17.     Accordingly, to the extent the District Court's stay of proceedings has been interpreted to encompass claims against the Non-Debtor Defendants, such application exceeds the scope of the automatic stay as a matter of law, and this Court may and should enter an order clarifying the same.

**B.  Cause Exists Under § 362(d)(1) to Grant Relief from the Stay.**

18.     Section 362(d)(1) of the Bankruptcy Code provides that, upon request of a party in interest and after notice and a hearing, the Court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property." What constitutes "cause" is not defined in the Bankruptcy Code and is determined on a case-by-case basis by examining the totality of the circumstances. *In re Brentwood Group No. 1 Ltd.*, Case No. 10-80093-G3-11, 2010 WL 2900327, at *11 (Bankr. S.D. Tex. July 21, 2010).

19.     Permitting the Surety to proceed against the Non-Debtor Defendants in the District Court Action will have no effect on the Debtor or his estate. The Non-Debtor Defendants are independently liable, and any judgment obtained against them will be satisfied from their own assets, not from property of the Debtor's estate. The Debtor's rights in this bankruptcy proceeding are fully protected.

20.     The Surety has already obtained summary judgment establishing that it is owed in excess of $12,000,000.00 in combined indemnity damages and collateral security from all Defendants jointly and severally. Continued suspension of the District Court Action as to the  Non-Debtor

Defendants prevents the Surety from obtaining a final, enforceable judgment and from taking any steps to recover its losses. Meanwhile, the Non-Debtor Defendants' assets may be dissipated, further eroding the Surety's ability to collect.

21. The Summary Judgment Order expressly directed the Surety to file supplemental briefing on attorneys' fees. The stay of proceedings has prevented the Surety from complying with a federal court's directive. Granting relief from the stay will allow the Surety to fulfill its obligations under the Summary Judgment Order and proceed to entry of a final, enforceable judgment.

22. All liability and damages issues have been fully adjudicated. There are no remaining merits issues to be tried. Permitting the District Court Action to conclude as to the Non-Debtor Defendants avoids delay, conserves judicial resources, and is consistent with the orderly administration of justice in both forums simultaneously.

23. No creditor of the Debtor's estate will be prejudiced by permitting the Surety to proceed against non-debtor third parties. To the contrary, any recovery the Surety obtains from the Non-Debtor Defendants will reduce the Surety's remaining claim in this bankruptcy proceeding, potentially benefitting the estate and other creditors.

## V. **PRAYER**

WHEREFORE, Harco National Insurance Company respectfully requests that this Court enter an Order:

(i) finding and declaring that the automatic stay under 11 U.S.C. § 362(a) does not apply to the Non-Debtor Defendants in the District Court Action styled *Harco National Insurance Company v. Gaspard & Menon Construction, LLC, et al.*, Civil Action No. 4:24-CV-01134-O (N.D. Tex.);

(ii) in the alternative, granting relief from the automatic stay for cause under 11 U.S.C. § 362(d)(1) to permit the Surety to proceed in the District Court Action against the Non-Debtor Defendants, specifically Gaspard & Menon Construction, LLC; Gaspard and Morgan Construction, LLC dba Restoration Roofing; Gaspard Properties, LLC; Gaspard Roofing, LLC; and Sedmore Properties, LLC, for all purposes, including without limitation the filing of supplemental attorneys' fees briefing, the entry of a final

judgment, and the enforcement and collection of any such judgment from the Non-Debtor Defendants' assets; and

(iii) granting the Surety all other and further relief to which it may be entitled at law or in equity.


RESPECTFULLY SUBMITTED this 19th day of March 2026.


*/s/ James D. Ewing*

James D. Ewing
Texas State Bar No. 24110821
**DRY LAW, PLLC**
909 18th Street
Plano, TX 75074
(972) 797-9510 Telephone
(972) 797-9510 Facsimile
jewing@drylaw.com

***ATTORNEY FOR HARCO NATIONAL INSURANCE COMPANY***

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, a true and correct copy of the foregoing Harco National Insurance Company's Motion for Relief from the Automatic Stay was served as follows:

**David L. Pritchard**
1244 Southridge Court Suite 102
Hurst, TX 76053
(817) 285-8017
(817) 285-0224 (fax)
david@dlplegal.com

**COUNSEL FOR AMERICREDIT FINANCIAL SERVICES, INC. DBA GM FINANCIAL AND EECU**

**Richard J. Wallace, III**
Scheef & Stone, L.L.P.
500 North Akard
Lincoln Plaza, Suite 2700
Dallas, TX 75201
214-706-4200
214-706-4242 (fax)
richard.wallace@solidcounsel.com

**COUNSEL FOR EQUIPMENT DEPOT TEXAS, INC.**

**Clayton Everett**
515 E. Border St.
Ste 163
76010
Arlington, TX 76010
817-704-3984
clayton@norredlaw.com

**COUNSEL FOR JONATHAN DAVID GASPARD AND LAURA OGLESBY GASPARD**

**Trenita Jackson Stewart**
Tromberg, Miller, Morris & Partners, PLLC
6080 Tennyson Pkwy
Ste. 100

**Richard J. Wallace, III**
Scheef & Stone, L.L.P.
500 North Akard
Lincoln Plaza, Suite 2700
Dallas, TX 75201
214-706-4200
214-706-4242 (fax)
richard.wallace@solidcounsel.com

**COUNSEL FOR EQUIPMENT DEPOT TEXAS, INC.**

**Marilyn Garner**
Law Offices of Marilyn D. Garner
2001 E. Lamar Blvd., Suite 200
Arlington, TX 76006
(817) 505-1499
(817) 549-7200 (fax)
mgarner@marilyndgarner.net

**TRUSTEE**

**Robert Lee Eden**
Matthews, Steins, Shiels, et al
8131 LBJ Freeway, Suite 700
Dallas, TX 75251
(972) 234-3400
(972) 234-1750 (fax)
reden@mssattorneys.com

**COUNSEL FOR GULFSIDE SUPPLY, INC. DBA GULFEAGLE SUPPLY**

**Chandra Dianne Pryor**
Bonial & Associates PC
14841 Dallas Parkway, Suite 350
Dallas, TX 75254

Plano, TX 75024
972-532-0128
tjstewart@mgs-legal.com

**COUNSEL FOR TH MSR HOLDINGS LLC**

**Hannah Ackley**
Padgett Law Group
6267 Old Water Oak Road
Ste 203
Tallahassee, FL 32312
850-422-2520
hannah.ackley@padgettlawgroup.com

**COUNSEL FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR TREATY OAK MORTGAGE TRUST**
**Mike Fowler Pipkin**
Weinstein Radcliff Pipkin LLP
8350 N. Central Expy
Suite 1550
Dallas, TX 75206
(214) 865-7012
(214) 865-6140 (fax)
mpipkin@weinrad.com

**COUNSEL FOR WEST BEND MUTUAL INSURANCE COMPANY**

(972) 643-6629
(972) 499-8777 (fax)
Chandra.Pryor@BonialPC.com

**U.S. Bank National Association**

**United States Trustee**
1100 Commerce Street
Room 976
Dallas, TX 75202
214-767-8967
ustpregion06.da.ecf@usdoj.gov

**UNITED STATES TRUSTEE**

*/s/ James D. Ewing*
James D. Ewing

## CERTIFICATE OF CONFERENCE

Pursuant to L.B.R. 4001-1(a), 7007-1, and 9013-1, counsel for the Movant certifies that on March 10, 2026, he conferred with counsel for the Debtor regarding the relief requested herein. Counsel for the Debtor has indicated that the Motion is unopposed.

*/s/ James D. Ewing*
James D. Ewing